JS 44C
(Rev. 12/84)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Fernando Castillo

*Receipt 114235*

## DEFENDANTS

B-00-146

Van Burren Shrimp Company, Inc.,
M/V "Martin Tower",
Leonor Tower, and Margie Tower

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Cameron
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

María Elena Delgadillo
Harris & Watts, P.C.
1926 East Elizabeth Street
Brownsville, Texas 78520

ATTORNEYS (IF KNOWN)

United States District Court
Southern District of Texas
FILED

SEP 1 9 2000

Michael N. Milby
Clerk of Court

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Claims under the provisions of Article 46, USCA, Sec. 688, commonly known as the "Jones Act and under the Admiralty and General Maritime Laws of the United States involving both the doctrines of negligence and unseaworthiness.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☒ 340 Marine | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 863 DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence 28 USC 2255 | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Accommodations | ☐ 535 Death Penalty | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 870 Taxes | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | ☐ 871 IRS-Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

Transferred from

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 another district (specify)
- ☐ 6 Multidistrict Litigation

Appeal to District
- ☐ 7 Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**

Check YES only if demanded in complaint:
**JURY DEMAND:** ☒ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 9-14-00

SIGNATURE OF ATTORNEY OF RECORD *MEDelg*

**UNITED STATES DISTRICT COURT**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

**SEP 1 9 2000**

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FERNANDO CASTILLO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | **B-00-146** |
| | § | |
| VAN BURREN SHRIMP COMPANY, | § | |
| INC., M/V "MARTIN TOWER," | § | |
| LEONOR TOWER AND MARGIE | § | JURY DEMANDED |
| TOWER | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FERNANDO CASTILLO, hereinafter called Plaintiff, complaining of VAN BURREN SHRIMP COMPANY, INC. AND THE M/V "MARTIN TOWER", hereinafter called Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

### 1.0  JURISDICTION

1.1   This Court has jurisdiction over Plaintiff's claims under the provisions of Article 46, U.S.C.A., Sec. 688, commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United States."

### 2.0  VENUE

2.1       Venue is proper in this District pursuant to 28 U.S.S. Section 1391(b) (1982) in that the claim arose entirely within the Southern

District of Texas.

## 3.0 PARTIES

3.1    Plaintiff, FERNANDO CASTILLO, is a natural person who resides within Cameron County, Texas.

3.2    Defendant, VAN BURREN SHRIMP COMPANY, INC. AND THE M/V "MARTIN TOWER," is a corporation duly authorized to conduct business in the State of Texas and may be served with process by serving Margie and Leonor Tower, at 606 South Shore Drive, Port Isabel, Texas 78578.

3.3    Defendant, MARGIE TOWER, is an individual residing in the State of Texas and may be served with process at 606 South Shore Drive, Port Isabel, Texas or P.O. Box 625, Port Isabel, Texas.  The Defendant is the co-owner and/or operator of the vessel, the M/V "Martin Tower."

3.4    Defendant, LEONOR TOWER, is an individual residing in the State of Texas and may be served with process at 606 South Shore Drive, Port Isabel, Texas or P.O. Box 625, Port Isabel, Texas.  The Defendant is the co-owner and/or operator of the vessel, the M/V "Martin Tower."

## 4.0

4.1    Plaintiff is a seaman and in accordance with the terms of 28 U.S.C., Sec. 1916, Plaintiff files this suit for the enforcement of laws enacted for his health and safety.

## 5.0

5.1    Plaintiff asserts his right to recover damages for injuries he received while employed as a seaman on the Defendants' vessel, the M/V "MARTIN TOWER".  This cause of action is brought pursuant to the provisions of Article 46, U.S.C.A., Sec. 688, commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United States," involving both the doctrines of "negligence" and "unseaworthiness".

### 6.0

6.1    Plaintiff, FERNANDO CASTILLO, was injured on or about the 15th day of May, 1998 and November 15, 1999.  At the times of and on the dates of the injuries sustained by the Plaintiff he was employed by the Defendants Van Burren Shrimp Company, Inc., Leonor Tower, and Margie Tower, aboard their vessel, the M/V "Martin Tower", and was acting in the course and scope of his employment as a seaman at said time.

6.2    On the 15th of May, 1998, because the bunk he was sleeping in had inadequate retaining rails, Plaintiff was knocked off his bunk when another vessel struck Defendants' vessel causing injuries to Plaintiff.

6.3    On the 15th of November, 1999, while attempting to secure the cable to the outrigger to assure that the outrigger did not break, his knee was struck against the sliding block causing injury to Plaintiff.

### 7.0

7.1    The injuries sustained by the Plaintiff, which provides the basis

for this cause of action, was the result of the negligence and gross negligence of the Defendants their master, agents, servants, and employee, and/or was the result of an unseaworthy condition of the Defendants' vessel, the M/V "Martin Tower", including but not limited to the following particulars:

      a.    Failure to have adequate retaining rails on bunks to prevent employees from falling off bunks; and

      b.    Failure to have a shackle on the turnbuckle which connects it to the stabilizing rod of the outrigger.

7.2    Each and every act, whether of commission or omission, or any combination of said act of commission or omission, constitutes negligence and gross negligence by the Defendant shipowner or operator, its master, agents, servants, and employees, and each such act or omission, or any combination of such acts or omissions was a proximate and/or contributing cause of the injuries sustained by the Plaintiff.

7.3    The above act or acts, whether of commission or omission, and/or the operation of or the condition of the Defendants' vessel, the M/V "Martin Tower", and/or its appurtenances, rendered the vessel unfit for its intended use and constituted a breach of an absolute duty owed by the Defendants to the Plaintiff Fernando Castillo, and such acts, omissions, operation of the vessel, or the unsafe condition of the vessel and its

appurtenances constituted a condition of "unseaworthiness", and each was and is a "contributing cause" of the injuries suffered by the Plaintiff.

### 8.0

8.1   Plaintiff would show that by reason of the injuries sustained as above alleged, he has suffered serious and painful injuries to his body.  As a result of such injuries, Plaintiff has been so disabled that his earning capacity has been and will be in the future be materially diminished and impaired.  Plaintiff has suffered, suffers, and will continue to suffer great and excruciating physical pain and mental anguish.  By reason of the foregoing, Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this Court.

### 9.0

9.1   Plaintiff seeks pre-judgment interest on any money damages awarded to Plaintiff, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, maintenance and cure recovery, and reasonable attorney fees.

### 10.0

10.1 Plaintiff seeks general damages in an amount in excess of the minimum jurisdictional limits of this Court, based on the negligence of the Defendants master, servants, representatives, and employee, and based further on the "unseaworthiness" of the vessel, the M/V "Martin Tower", as

set forth heretofore.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon trial of this cause the Plaintiff have and recover of and from the Defendants judgment in an amount in excess of the minimum jurisdictional limits of this Court to compensate him for the injuries he suffered as a result of the "negligence" and "gross negligence" of the Defendants their master, agents, officers, servants, and employees, or as a result of the "unseaworthiness".  In addition thereto, Plaintiff seeks a judgment for maintenance and cure in an amount which the Defendants were obligated to pay Plaintiff but failed and refused to do so, up to the date of his maximum medical recovery.  Plaintiff seeks reasonable attorney fees caused by the actions of the Defendants herein, and seeks damages in an amount reasonably calculated to compensate him for injuries he suffered as a result of the failure of the Defendants to pay maintenance and cure.   Plaintiff seeks pre-judgment interest on any money damages he is awarded at the trial hereon, for costs of Court expended, and for such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted on this the ____18th____ day of September, 2000.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas   78520
(956) 546-0333 Telephone
(956) 541-0255 Facsimile


_____
Maria Elena Delgadillo
Federal Bar Number 21305
State  Bar  Number  00798141

CutePDF - www.fasiso.com

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

Fernando Castillo

## SUMMONS IN A CIVIL CASE

**V.**

Van Burren Shrimp Company, Inc.,
M/V "Martin Tower," Leonor Tower,
and Margie Tower

CASE NUMBER: **B-00-146**

TO: (Name and address of defendant)

Leonor Tower
606 South Shore Drive
Port Isabel, Texas  78578

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Maria Elena Delgadillo
Harris & Watts, P.C.
1926 East Elizabeth Street
Brownsville, Texas  78578

an answer to the complaint which is herewith served upon you, within ___twenty (20)___ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

9-19-00

CLERK

DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

## ——————————— DISTRICT OF ———————————

Fernando Castillo

### SUMMONS IN A CIVIL CASE

**V.**

CASE NUMBER: $B-00-146$

Van Burren Shrimp Company, Inc.,
M/V "Martin Tower," Leonor Tower,
and Margie Tower

TO: (Name and address of defendant)

Van Burren Shrimp Company, Inc.
and the M/V "Martin Tower"
606 South Shore Drive
Port Isabel, Texas  78578

(May serve Margie or Leonor Tower)

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Maria Elena Delgadillo
Harris & Watts, P.C.
1926 East Elizabeth Street
Brownsville, Texas  78520

an answer to the complaint which is herewith served upon you, within _____ twenty (20) _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

9-19-00

CLERK                                         DATE

(BY) DEPUTY CLERK

AO 440 (Rev. 10/93) Summons in a Civil Action

# United States District Court

_____ DISTRICT OF _____

Fernando Castillo

## SUMMONS IN A CIVIL CASE

**V.**

Van Burren Shrimp Company, Inc.,
M/V "Martin Tower," Leonor Tower,
and Margie Tower

CASE NUMBER: **B-00-146**

TO: (Name and address of defendant)
   Margie Tower
   606 South Shore Drive
   Port Isabel, Texas 78578^

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

   Maria Elena Delgadillo
   Harris & Watts, P.C.
   1926 East Elizabeth Street
   Brownsville, Texas  78520

an answer to the complaint which is herewith served upon you, within <u>twenty (20)</u> days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

Michael N. Milby, Clerk

_____
CLERK

_____
(BY) DEPUTY CLERK

9-19-00
_____
DATE