9

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 23 2000

Michael N. Milby
Clerk of Court

| | |
|---|---|
| FERNANDO CASTILLO § | |
| § | |
| VS. § | |
| § CIVIL ACTION NO. **B-00-146** | |
| VAN BUREN SHRIMP COMPANY, § | |
| INC., M/V "MARTIN TOWER," § | |
| LEONOR TOWER AND MARGIE TOWER § | |

### DEFENDANTS' ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

Come now Defendants, **VAN BUREN SHRIMP COMPANY, INC., LEONOR TOWER AND MARGIE TOWER** (hereinafter referred to as "Defendants") and file this their Original Answer to Plaintiff's Original Complaint and would respectfully show unto the court more fully as follows:

### A. ADMISSIONS AND DENIALS

1.      Defendants admit the jurisdictional averments contained in paragraph 1.1 of Plaintiff's Original Complaint.

2.      Defendants deny the venue allegations in paragraph 2.1 of Plaintiff's Original Complaint.

3.      Defendants are without sufficient knowledge or information from which they can either admit or deny the allegation contained in paragraph 3.1 wherein Plaintiff alleges he resides within Cameron County, Texas.

4.      Defendants admit the averments contained within paragraph 3.2 of Plaintiff's Original Complaint.

48315:941275.1:102000

5. Defendants admit the averments contained within paragraph 3.3 of Plaintiff's Original Complaint.

6. Defendants admit the averments contained within paragraph 3.4 of Plaintiff's Original Complaint.

7. Defendants admit the allegations contained within paragraph 4.1 of Plaintiff's Original Complaint.

8. Defendants deny the allegations contained within paragraph 5.1 of Plaintiff's Original Complaint wherein Plaintiff alleges he incurred damages occurred aboard the M/V MARTIN TOWER. No answer is necessary for the remainder of paragraph 5.1.

9. Defendants admit only the averment contained within paragraph 6.1 of Plaintiff's Original Complaint wherein it is alleged Plaintiff was employed by Van Buren Shrimp Company, Inc. All other averments contained within paragraph 6.1 of Plaintiff's Original Complaint are denied.

10. Defendants deny all averments contained within paragraph 6.2 of Plaintiff's Original Complaint.

11. Defendants deny all averments contained within paragraph 6.3 of Plaintiff's Original Complaint.

12. Defendants deny all averments contained within paragraph 7.1 of Plaintiff's Original Complaint.

13. Defendants deny all averments contained within paragraph 7.2 of Plaintiff's Original Complaint.

14. Defendants deny all averments contained within paragraph 7.3 of Plaintiff's Original Complaint.

15. Defendants deny all averments contained within paragraph 8.1 of Plaintiff's Original Complaint.

16. Defendants deny all allegations of entitlement to damages contained within paragraph 9.1 of Plaintiff's Original Complaint.

17. Defendants deny all averments contained within paragraph 10.1 of Plaintiff's Original Complaint.

18. Defendants deny that Plaintiff is entitled to judgment or any other relief prayed for in the Prayer contained within Plaintiff's Original Complaint.

19. Defendants further deny each and every allegation contained in Plaintiff's Original Complaint not heretofore admitted or denied.

## B. AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a cause of action upon which relief can be granted against the Defendants.

2. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged in Plaintiff's Original Complaint, although it is not so acknowledged, said injuries were solely and proximately caused by the failure of Plaintiff to exercise that degree of care for his own safety that a reasonably prudent person, in the exercise of ordinary care, would have exercised under the same or similar circumstances. Further, and/or in the alternative, such failures on the part of Plaintiff were the proximate cause of Plaintiff's alleged injuries.

3. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although it is not so acknowledged, said injuries were directly and/or proximately caused by the acts and/or omissions of others for whom Defendants are not responsible.

4. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although it is not so acknowledged, said injuries were the result of unavoidable accidents.

5. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although it is not so acknowledged, said injuries were in no way connected to his service aboard the M/V MARTIN TOWER.

6. Further answering, that if Plaintiff has or will have any loss of earning capacity, although it is not so acknowledged, that such loss was caused solely or in some degree by some condition of body, some other injury, or combination thereof that is completely unrelated to the incidents claimed in this lawsuit, or has been and will be solely or in part the result of the Plaintiff's failure to follow the advice, care and treatment of attending doctors.

7. Further answering, Defendants would respectfully show that if Plaintiff was injured as alleged, although it is not so acknowledged, such injuries were the result of pre-existing condition(s) suffered by the Plaintiff which were not caused nor contributed to by his employment aboard the M/V MARTIN TOWER or by any alleged negligence regarding the alleged unseaworthiness of Defendants' vessel.

8. Further answer, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although it is not so acknowledged, it was due to no fault of the owners of the vessel as the owners provided a ship, hull, gear, appliances, tackle, machinery and appurtenances which were reasonably fit for their intended purpose as required under the Doctrine of Seaworthiness.

9. Further answering, Defendants would respectfully show that the conditions of the vessel and her appurtenances and tackle were at all times seaworthy and any conditions of the vessel about which Plaintiff complains were open and obvious, which a reasonable and prudent seaman assumes as a part of the risks inherent in the life and duties of a seaman.

10. Further answering, Defendants would show that punitive damages are barred in a seaman's case by the United States Fifth Circuit Court of Appeals holding in <u>Guevara v. Maritime Overseas Corp.</u>, 59 F.3d 1496 (5th Cir. 1995).

11. Further answering, Defendants would respectfully show the Court that if Plaintiff was injured as alleged, although it is not so acknowledged, said injuries, if any, were occasioned without the privity or knowledge of the Defendants; however while the amount of damages is not specifically alleged in the Complaint, it may exceed the amount or value of the Defendants' interest in the M/V MARTIN TOWER and her freight then pending; and the Defendants invoke the benefits of the provisions of the revised statutes of the United States and the acts amendatory thereof in limitation of the liability of shipowners, under which provisions, should the Defendants be held liable for or by any reason, Plaintiff is not entitled to recover damages in a sum greater than the value of the Defendants' interest in the M/V MARTIN TOWER and her freight then pending at the time of the alleged injuries.

WHEREFORE, PREMISES CONSIDERED, Defendants, **VAN BUREN SHRIMP COMPANY, INC., LEONOR TOWER AND MARGIE TOWER** pray that this claim be dismissed with cost and that Defendants have all further relief, at law, in equity or admiralty to which they may be justly entitled.

Respectfully submitted,

*[signature]*

James H. Hunter, Jr.
Texas State Bar No. 00784311
Federal ID No. 15703
Daniel P. Whitworth
Texas State Bar No.24008275
Federal ID No. 23119
Attorneys for Defendants,
**VAN BUREN SHRIMP COMPANY, INC.,
LEONOR TOWER AND MARGIE TOWER**

Of Counsel:

**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**
55 Cove Circle
P.O. Box 3509
Brownsville, Texas   78523-3509
Telephone:   (956) 542-4377
Telecopier:   (956) 542-4370

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2000, a true and correct copy of the foregoing was mailed, via **CERTIFIED MAIL-RRR,** to opposing counsel as follows:

Maria Elena Delgadillo
HARRIS & WATTS, P.C.
1926 E. Elizabeth Street
Brownsville, Texas 78520

*[signature]*

Of ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.