IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 6 2001

Michael N. Milby
Clerk of Court

| FERNANDO CASTILLO | § | |
| --- | --- | --- |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| | § | B-00-146 |
| VAN BURREN SHRIMP COMPANY, | § | |
| INC., M/V "MARTIN TOWER," | § | |
| LEONOR TOWER AND MARGIE | § | JURY DEMANDED |
| TOWER | § | |

## JOINT REPORT OF THE MEETING & JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

   The meeting of the parties required by Rule 26(f) was held telephonically on January 15, 2001. Maria Elena Delgadillo of Harris & Watts, P.C., attorney for the Plaintiffs and James Hunter of Royston, Rayzor, Vickery & Williams, attorney for defendants participated in said meeting.

2. List the cases related to this one that are pending in any state of federal court with the case number and court.

   None.

3. Briefly describe what this case is about.

   Plaintiff alleges that on or about the May 15, 1998 and November 15, 1999, he was employed as a seaman on the Defendants' vessel, the M/V "MARTIN TOWER" and was injured. On the 15th of May, 1998, because the bunk he was sleeping in had inadequate retaining rails, Plaintiff was knocked off his bunk when another vessel struck

Defendants' vessel causing injuries to Plaintiff. On the 15th of November, 1999, while attempting to secure the cable to the outrigger to assure that the outrigger did not break, his knee was struck against the sliding block causing injury to Plaintiff.

On the dates of the injuries sustained by the Plaintiff, he was employed by the Defendants Van Burren Shrimp Company, Inc., Leonor Tower, and Margie Tower, aboard their vessel, the M/V "Martin Tower", and was acting in the course and scope of his employment as a seaman at said time.

Defendants deny they were negligent and that the vessel was unseaworthy. All maintenance and cure expenses were paid. Defendants contend that the injuries sustained by Plaintiff were caused by his own negligence and/or the negligence of third parties beyond the control of these Defendants. The incidents complained of by Plaintiff are inherent in the life of a seaman.

4. Specify the allegation of federal jurisdiction.

   This cause of action is brought pursuant to the provisions of Article 46, U.S.C.A., Sec. 688, commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United States," involving both the doctrines of "negligence" and "unseaworthiness".

5. Name the parties who disagree and the reasons.

   There is no disagreement with either party with regard to jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Plaintiff:   None anticipated.

   Defendant:   Plaintiff has alleged certain claims with regard to the unseaworthiness of the vessel due to inadequacies and/or failure of some of the vessel's gear. If discovery turns up

a product defect, Defendants anticipate adding the product manufacturers and/or distribution chain. Additionally, one of the incidents complained of by Plaintiff arises out of a collision with another vessel. If discovery reveals that the offending vessel caused the Plaintiff's injuries, then Defendants anticipate adding such vessel, <u>in rem</u>, and/or her owners, operators, or charterers as third party Defendants.

7. List anticipated interventions.

   Plaintiff: There is perhaps a chance that insurance companies might subrogate for any monies paid as a result of these accidents.

   Defendant: None anticipated.

8. Describe class-action issues.

   Plaintiff: None anticipated.

   Defendant: None anticipated.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Initial disclosures will be made to the extent such information is currently available to the parties by January 28, 2001.

10. Describe the proposed agreed discovery plan, including:

    A. Responses to all the matters raised in Rule 26(f).

       1) Disclosures to be supplemented as information is obtained

through informal investigation and formal discovery.

2) Damages, causation, and liability will need to be investigated.

Discovery need not be conducted in phases or limited or focused to particular issues.

3) No changes on limitations of discovery are proposed.

4) No other Rule 16 orders are required that we are aware of.

B. When and to whom the plaintiff anticipates it may send interrogatories.

Response: Plaintiff has served interrogatories and requests for production to Defendants. Their answers are due to plaintiff on or about February 11, 2001.

C. When and to whom the defendant anticipates it may send interrogatories.

Response: Defendant anticipates sending interrogatories and requests for production to Plaintiff by January 29, 2001.

D. Of whom and by when the plaintiff anticipates taking oral depositions.

Response: Plaintiff anticipates taking the deposition of the defendants, defendant's designated representatives and any witnesses, whether expert or lay witnesses, within one

hundred fifty (150) days of the date of the Initial Pretrial Conference.

E. Of whom and by when the defendant anticipates taking oral depositions.

Response: The Defendant anticipates taking the deposition of the Plaintiff and any witnesses whether expert or lay witnesses, within one hundred eighty (180) days of the date of the Initial Pretrial Conference.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports. Plaintiff anticipates that they can designate experts and provide reports within sixty days of the discovery deadline. Defendant anticipates that they can designate experts and provide reports by within 30 days of the discovery deadline.

G. List expert depositions the plaintiff anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (Expert report).

Response: The Plaintiff anticipates taking the depositions of the treating doctors within ninety (90) days of the date of the

Initial Pretrial Conference.

H.  List expert depositions the defendant anticipates taking and their anticipated completion date.  See Rule 26(a)(2)(B) (Expert report).

Response:  The Defendant anticipates taking the depositions of the Plaintiffs experts within thirty (30) days of the date such experts and their reports are disclosed.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

Response:  We have agreed.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

Plaintiffs have served interrogatories and requests for production to Defendants.  Their answers are due on February 11, 2001.

13. State the date the planned discovery can reasonably be completed.

Response:  180 days from the date of the Initial Pretrial Hearing.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meetings.

Response:  Upon completion of discovery the parties will work toward resolution or settlement if at all possible.

15. Describe what each party has done or agreed to do to bring about a

prompt resolution.

Response: The parties agree that mediation may be proper at close of discovery.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.

    Response: Mediation.

17. Magistrate Judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

    Response: Plaintiff prefers that this case be tried before the U.S. District Judge. Defendant has no objection to the U.S. District Judge or a Magistrate Judge.

18. State whether a jury demand has been made and it was made on time.

    Response: A timely demand for jury trial has been made.

19. Specify the number of hours it will take to present evidence in this case.

    Response: 24 hours

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

    Response: None at this time.

21. List other motions pending.

Response:  None at this time.

22. Indicate other matters peculiar to this case, including discovery, that deserve special attention of the court at the conference.

Response:  The opening of and peak of the Texas Shrimp Season (a critical financial time for Texas Shrimpers) begins in July.  It is requested that trial not be set in July or August so that Defendants and the vessel crews can be available to testify live, if necessary.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments.

The parties have filed their Disclosure of Interested Parties.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

| | |
|---|---|
| Maria Elena Delgadillo | James Hunter |
| State Bar No. 00798141 | State Bar No. 00784311 |
| Federal Bar No. 21305 | Federal Bar No. 15703 |
| Harris & Watts, P.C. | Dan Whitworth |
| 1926 E. Elizabeth | State Bar No. 24008275 |
| Brownsville, Texas  78520 | Federal Bar No.l 23119 |
| (956) 546-0333 Telephone | Royston, Rayzor, Vickery, & Williams |
| (956) 541-0255 Facsimile | 55 Cove Circle |
| Attorney for Plaintiff | Brownsville, Texas  78521 |
| | (956) 542-4377 Telephone |
| | (956) 542-4370 Facsimile |
| | Attorneys for Defendants |

Respectfully submitted this the _15th_ day of January, 2001.

_____

Maria Elena Delgadillo
State Bar No. 00798141
Federal Bar No. 21305
Harris & Watts, P.C.
1926 E. Elizabeth
Brownsville, Texas  78520
(956) 546-0333 Telephone
(956) 541-0255 Facsimile
Attorney for Plaintiff


_____

James Hunter w/perm.
State Bar No. 00784311
Federal Bar No. 15703
Dan Whitworth
State Bar No. 24008275
Federal Bar No. 23119
Royston, Rayzor, Vickery & Williams
55 Cove Circle
Brownsville, Texas  78521
(956) 542-4377 Telephone
(956) 542-4370 Facsimile
Attorney for Defendants

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FERNANDO CASTILLO | § § § | |
| VS. | § § § | CIVIL ACTION NO. |
| | § | B-00-146 |
| VAN BURREN SHRIMP COMPANY, INC., M/V "MARTIN TOWER," LEONOR TOWER AND MARGIE TOWER | § § § § § | JURY DEMANDED |

## REPORT PURSUANT TO RULE 26(f)

1. What changes should be made in the timing, form, or requirement for disclosures under Rule 26(f) including a statement as to when disclosures will be made.

   Plaintiff:   None.

   Defendant: None.

   Disclosures will be made by January 28, 2001.

2. The subjects on which discovery may be needed, when it should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.

   Plaintiff:   Plaintiff will need discovery with regards to the facts of the incident in question, the events which transpired which led to the injuries made the basis of this suit. Plaintiff does not propose that discovery be conducted in phases or limited to particular issues as this would delay in bringing the matter to conclusion.


Defendant: Defendant will need discovery as to the facts of the incident in question, the nature and extent of plaintiffs' alleged injuries, and the liability facts and opinions. Defendant does not propose that discovery be conducted in phases or limited to particular issues as this would delay in bringing the matter to conclusion.

3.  What changes should be made in the limitations on discovery imposed under the Rules or local rule, and what other limitations should be imposed.

    Plaintiff:   None.

    Defendant: None.

4.  What other orders should be entered by the court pursuant to Rule 26(c) and/or rule 16(b).

    Plaintiff:   None.

    Defendant: None.

Defendant: Defendant will need discovery as to the facts of the incident in question, the nature and extent of plaintiffs' alleged injuries, and the liability facts and opinions. Defendant does not propose that discovery be conducted in phases or limited to particular issues as this would delay in bringing the matter to conclusion.

3.  What changes should be made in the limitations on discovery imposed under the Rules or local rule, and what other limitations should be imposed.

    Plaintiff:   None.

    Defendant: None.

4.  What other orders should be entered by the court pursuant to Rule 26(c) and/or rule 16(b).

    Plaintiff:   None.

    Defendant: None.