18

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FERNANDO CASTILLO | § | |
| | § | |
| VS. | § | |
| | § | |
| VAN BUREN SHRIMP COMPANY, | § | |
| INC., M/V "MARTIN TOWER," | § | |
| LEONOR TOWER AND MARGIE TOWER | § | |
|    Third-Party Plaintiffs | § | CIVIL ACTION NO. **B-00-146** |
| | § | |
| VS. | § | |
| | § | |
| VAN HA, *in personam* and | § | |
| F/V MR. JESSE J, her engines, tackle, etc. | § | |
| *in rem* | § | |
|    Third-Party Defendants | § | |

**DEFENDANTS/THIRD-PARTY PLAINTIFFS'**
**THIRD-PARTY COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes **Van Buren Shrimp Company, Inc., Leonor Tower and Margie (Tower) Smith**, Defendants/Third-party Plaintiffs in this civil action filed by Fernando Castillo and, without waiving any defenses asserted in their Original Answer and still relying upon the same, files this their Third-Party Complaint naming Van Ha, the owner and operator of the fishing vessel (F/V) MR. JESSE J, as Third-party Defendant and in support would respectfully show this honorable Court as follows:

I.

**Parties**

Plaintiff was the captain of the M/V MARTIN TOWER, a commercial fishing vessel on both May 15, 1998 and November 15, 1999, when he claims to have suffered separate injuries to his knee

due to the negligence and gross negligence of the Defendants/Third-party Plaintiffs. Plaintiff appeared in this action when it filed its Original Complaint on September 19, 2000, against the vessel and vessel owners.

Defendants/Third-party Plaintiffs, Van Buren Shrimp Company, Inc., Leonor Tower and Margie (Tower) Smith have appeared in this case, by and through their attorneys, subject to all defenses previously asserted in Defendants' Original Answer which was filed on October 23, 2000.

Defendant, MV MARTIN TOWER is the vessel under Plaintiff's command and on which he claims he was injured. The M/V MARTIN TOWER has never been served with process.

Van Ha is the master, owner and operator of the MR. JESSE J. Service may be had upon Van Ha by serving him at 610 Paris Street, Lafayette, Louisiana 705061.

The F/V MR. JESSE J is a commercial fishing vessel, USCG Official No. 603106. Service *in rem* is requested to be withheld pending appearance of her owner (Third-party Defendant, Van Ha) and voluntary arrangements for security.

II.

Defendants/Third Party Plaintiffs assert that the damages and claims described in the attached Plaintiff's Original Complaint (Exhibit "A") and specifically the incident alleged on May 15, 1998 are due wholly or in part to the negligent acts and/or omissions of Third-party Defendant, Van Ha, the master, owner and operator of the MR. JESSE J in failing to keep a proper watch or lookout when the F/V MR. JESSE J struck the M/V MISSION LADY which was stationary and tied stern to stern with the M/V MARTIN TOWER, of which Plaintiff was a crewmember. Defendants continue to deny the allegations contained in Plaintiff's Original Complaint and further denies that they are liable for any damages whatsoever to Plaintiff as alleged.

## III.

However, as a result of the negligent acts and/or omissions, and/or fault of Third-party Defendant, Defendants/Third-party Plaintiffs may be forced to suffer considerable damages or liability to Plaintiff, Fernando Castillo or others. Plaintiff has alleged that he has suffered serious and painful injuries resulting in disability in his Original Complaint, plus punitive damages, interest, costs and attorney's fees. The amount of damages is presently unknown. Consequently, Defendants/Third-party Plaintiffs hereby demand full indemnity and contribution from Van Ha or its agents/owners. Defendants/ Third-party Plaintiffs pray for recovery of all losses, expenses and for any judgment taken in Plaintiff's favor against Defendants/Third-party Plaintiffs in the unlikely event Defendants/Third-party Plaintiffs are adjudged to be liable as a result of the claims made by Plaintiff in this suit, including all of their attorney's fees incurred in the defense of this matter and/or other special or general damages which may be shown at trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendants/Third-party Plaintiffs, Van Buren Shrimp Company, Leonor Tower and Margie (Tower) Smith pray that this honorable Court grant all relief, including that described above, to which it is deemed appropriate at the trial of this matter.

Respectfully submitted,

_/s/ James H. Hunter, Jr._

James H. Hunter, Jr.
State Bar of Texas No. 00784311
Federal ID No. 15703
Daniel P. Whitworth
State Bar of Texas No. 24008275
Federal ID No. 23119
Attorneys for Defendants,
**Van Buren Shrimp Company, Inc., Leonor Tower and Margie (Tower) Smith**

Of COUNSEL:

ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.
55 Cove Circle
P.O. Box 3509
Brownsville, TX 78523-3509
Tel: (956) 542-4377
Fax: (956) 542-4370

## CERTIFICATE OF SERVICE

I certify that on the 20th day of March, 2001, a true and correct copy of the foregoing was forwarded, via Certified Mail, return receipt requested, to all counsel of record as follows:

Maria Elena (Helen Ochoa) Delgadillo
HARRIS & WATTS, P.C.
1926 E. Elizabeth Street
Brownsville, Texas 78520

_____
Of Royston, Rayzor, Vickery & Williams, L.L.P.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 1 9 2000

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| FERNANDO CASTILLO | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | B-00-146 |
| | § | |
| VAN BURREN SHRIMP COMPANY, | § | |
| INC., M/V "MARTIN TOWER," | § | |
| LEONOR TOWER AND MARGIE | § | JURY DEMANDED |
| TOWER | § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FERNANDO CASTILLO, hereinafter called Plaintiff, complaining of VAN BURREN SHRIMP COMPANY, INC. AND THE M/V "MARTIN TOWER", hereinafter called Defendants, and for cause of action would respectfully show unto this Honorable Court the following:

### 1.0 JURISDICTION

1.1   This Court has jurisdiction over Plaintiff's claims under the provisions of Article 46, U.S.C.A., Sec. 688, commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United States."

### 2.0 VENUE

2.1   Venue is proper in this District pursuant to 28 U.S.S. Section 1391(b) (1982) in that the claim arose entirely within the Southern



EXHIBIT A

District of Texas.

### 3.0 PARTIES

3.1   Plaintiff, FERNANDO CASTILLO, is a natural person who resides within Cameron County, Texas.

3.2   Defendant, VAN BURREN SHRIMP COMPANY, INC. AND THE M/V "MARTIN TOWER," is a corporation duly authorized to conduct business in the State of Texas and may be served with process by serving Margie and Leonor Tower, at 606 South Shore Drive, Port Isabel, Texas 78578.

3.3   Defendant, MARGIE TOWER, is an individual residing in the State of Texas and may be served with process at 606 South Shore Drive, Port Isabel, Texas or P.O. Box 625, Port Isabel, Texas. The Defendant is the co-owner and/or operator of the vessel, the M/V "Martin Tower."

3.4   Defendant, LEONOR TOWER, is an individual residing in the State of Texas and may be served with process at 606 South Shore Drive, Port Isabel, Texas or P.O. Box 625, Port Isabel, Texas. The Defendant is the co-owner and/or operator of the vessel, the M/V "Martin Tower."

### 4.0

4.1   Plaintiff is a seaman and in accordance with the terms of 28 U.S.C., Sec. 1916, Plaintiff files this suit for the enforcement of laws enacted for his health and safety.

### 5.0

5.1  Plaintiff asserts his right to recover damages for injuries he received while employed as a seaman on the Defendants' vessel, the M/V "MARTIN TOWER". This cause of action is brought pursuant to the provisions of Article 46, U.S.C.A., Sec. 688, commonly known as the "Jones Act", and under the "Admiralty and General Maritime Laws of the United States," involving both the doctrines of "negligence" and "unseaworthiness".

### 6.0

6.1  Plaintiff, FERNANDO CASTILLO, was injured on or about the 15th day of May, 1998 and November 15, 1999. At the times of and on the dates of the injuries sustained by the Plaintiff he was employed by the Defendants Van Burren Shrimp Company, Inc., Leonor Tower, and Margie Tower, aboard their vessel, the M/V "Martin Tower", and was acting in the course and scope of his employment as a seaman at said time.

6.2  On the 15th of May, 1998, because the bunk he was sleeping in had inadequate retaining rails, Plaintiff was knocked off his bunk when another vessel struck Defendants' vessel causing injuries to Plaintiff.

6.3  On the 15th of November, 1999, while attempting to secure the cable to the outrigger to assure that the outrigger did not break, his knee was struck against the sliding block causing injury to Plaintiff.

### 7.0

7.1  The injuries sustained by the Plaintiff, which provides the basis

for this cause of action, was the result of the negligence and gross negligence of the Defendants their master, agents, servants, and employee, and/or was the result of an unseaworthy condition of the Defendants' vessel, the M/V "Martin Tower", including but not limited to the following particulars:

    a. Failure to have adequate retaining rails on bunks to prevent employees from falling off bunks; and

    b. Failure to have a shackle on the turnbuckle which connects it to the stabilizing rod of the outrigger.

7.2 Each and every act, whether of commission or omission, or any combination of said act of commission or omission, constitutes negligence and gross negligence by the Defendant shipowner or operator, its master, agents, servants, and employees, and each such act or omission, or any combination of such acts or omissions was a proximate and/or contributing cause of the injuries sustained by the Plaintiff.

7.3 The above act or acts, whether of commission or omission, and/or the operation of or the condition of the Defendants' vessel, the M/V "Martin Tower", and/or its appurtenances, rendered the vessel unfit for its intended use and constituted a breach of an absolute duty owed by the Defendants to the Plaintiff Fernando Castillo, and such acts, omissions, operation of the vessel, or the unsafe condition of the vessel and its

appurtenances constituted a condition of "unseaworthiness", and each was and is a "contributing cause" of the injuries suffered by the Plaintiff.

### 8.0

8.1 Plaintiff would show that by reason of the injuries sustained as above alleged, he has suffered serious and painful injuries to his body. As a result of such injuries, Plaintiff has been so disabled that his earning capacity has been and will be in the future be materially diminished and impaired. Plaintiff has suffered, suffers, and will continue to suffer great and excruciating physical pain and mental anguish. By reason of the foregoing, Plaintiff has been damaged by the Defendants in an amount in excess of the minimum jurisdictional limits of this Court.

### 9.0

9.1 Plaintiff seeks pre-judgment interest on any money damages awarded to Plaintiff, either in general damages or special damages plead herein, including, but not limited to, general damages, punitive damages, maintenance and cure recovery, and reasonable attorney fees.

### 10.0

10.1 Plaintiff seeks general damages in an amount in excess of the minimum jurisdictional limits of this Court, based on the negligence of the Defendants master, servants, representatives, and employee, and based further on the "unseaworthiness" of the vessel, the M/V "Martin Tower", as

set forth heretofore.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Defendants be cited to appear and answer herein; that upon trial of this cause the Plaintiff have and recover of and from the Defendants judgment in an amount in excess of the minimum jurisdictional limits of this Court to compensate him for the injuries he suffered as a result of the "negligence" and "gross negligence" of the Defendants their master, agents, officers, servants, and employees, or as a result of the "unseaworthiness". In addition thereto, Plaintiff seeks a judgment for maintenance and cure in an amount which the Defendants were obligated to pay Plaintiff but failed and refused to do so, up to the date of his maximum medical recovery. Plaintiff seeks reasonable attorney fees caused by the actions of the Defendants herein, and seeks damages in an amount reasonably calculated to compensate him for injuries he suffered as a result of the failure of the Defendants to pay maintenance and cure. Plaintiff seeks pre-judgment interest on any money damages he is awarded at the trial hereon, for costs of Court expended, and for such other and further relief, both general and special, at law or in equity, to which he may show himself to be justly entitled.

Respectfully submitted on this the ___18th___ day of September, 2000.

HARRIS & WATTS, P.C.
1926 E. Elizabeth
Brownsville, Texas   78520
(956) 546-0333  Telephone
(956) 541-0255  Facsimile

_____ /s/ MEDlg _____
Maria Elena Delgadillo
Federal Bar Number 21305
State Bar Number 00798141