30

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FERNANDO CASTILLO | * | |
| | * | United States District Court |
| VS. | * | Southern District of Texas FILED |
| | * | JUN 0 7 2001 |
| VAN BUREN SHRIMP COMPANY, | * | |
| INC., M/V MARTIN TOWER, | * | Michael N. Milby |
| LEONOR TOWER AND MARGIE | * | Clerk of Court |
| TOWER | | CIVIL ACTION NO.: B-00-146 |
|    Third-Party Plaintiffs | * | |
| | * | |
| VS. | * | |
| | * | |
| VAN HA, *in personam* and | * | |
| F/V MR. JESSE J, her engines, tackle, | * | |
| ets., *in rem* | | |
|    Third-Party Defendants | | |

### ANSWER TO DEFENDANTS/THIRD PARTY PLAINTIFFS' THIRD-PARTY COMPLAINT AND CROSS CLAIM

NOW INTO COURT, through undersigned counsel, comes Van Ha, who answers the Defendants/Third-Party Plaintiffs' Third-Party Complaint, with respect avers:

1.

The Third-Party Complaint submitted on behalf of Van Buren Shrimp Company, Inc., Lenor Tower and Margie (Tower) Smith fails to state a cause of action upon which relief can be granted.

2.

Answering the numbered allegations in the Third-Party Complaint, Van Ha denies each and every accusation, particularly that he was the master, owner and operator of the MR. JESSE J on or about May 15, 1998.

3.

Van Ha denies any liability for the accident occurring on or about May 15, 1998, specifically denying that there was any accident or injury involving the plaintiff, Fernando Castillo.

4.

If Castillo was injured, as alleged, it resulted solely from his own fault and inattention to duties or, alternatively, from his comparative fault.

5.

Castillo has failed to mitigate his damages.

6.

Third-party defendant further maintains that if plaintiff suffered any injuries, which are denied, these resulted from pre-existing or subsequent incidents that in no way involved Van Ha or the JESSIE J.

7.

Third-party defendant further maintains that if Castillo was not solely at fault for causing the alleged accident, then his injuries resulted from the fault and neglect of other persons or parties over whom the third-party defendant had no responsibility or control. Specifically, but not exclusively, third party defendant maintains that Castillo's vessel was unseaworthy and, moreover, he was not provided with a safe place to work by his employer.

8.

Third-party defendant maintains that it is entitled to limit its liability, if any, to the value of its vessel.

## CROSS CLAIM

Assuming the status of cross plaintiff, Van Ha maintains the following cross claim against Van Buren Shrimp Company, Inc., Lenor Tower and Margie (Tower) Smith.

1.

If plaintiff was not solely at fault for causing his accident, then his injuries resulted from the fault and neglect of the cross defendants for not providing a seaworthy vessel and for not providing plaintiff with a safe place to work.

2.

In the unlikely event that either the cross plaintiff or cross defendants are adjudged liable as a result of the claims made by the plaintiff, Van Ha prays for indemnity, contribution, recovery over and/or attorney's fees against Van Buren Shrimp Company, Inc., Lenor Tower and Margie (Tower) Smith.

WHEREFORE, after due proceedings had, Van Ha avers that the Third-Party Complaint maintained by Van Buren Shrimp Company, Inc., Lenor Tower and Margie (Tower) Smith be dismissed at third party plaintiffs' costs; Van Ha further maintains its cross claim against Van Buren Shrimp Company, Inc., Lenor Tower and Margie (Tower) Smith for indemnity, contribution, recovery over and/or attorney's fees; Van Ha prays for all such other general and equitable relief that this court may grant under the circumstances.

Respectively submitted,

HARRIS & RUFTY, L.L.C.

_____
RUFUS C. HARRIS, III (#6638)
ALFRED J. RUFTY, III (#19990)
GARY A. ROBINSON (#27061)
1450 Poydras Street, Suite 1510
New Orleans, Louisiana 70112
Telephone: (504) 525-7500
**Attorneys for Van Ha**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading has been forwarded to opposing counsel by placing same in the United States mail, properly addressed, with first class postage affixed thereto, this _____5_____ day of June, 2001.

_____
RUFUS C. HARRIS, III

ClibPDF - www.fastio.com